950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vicente F. APIADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3259.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1991.
 
 Before RICH, MICHEL and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Vicente F. Apiado seeks review of the November 14, 1990, Decision of the Merit Systems Protection Board (Board), No. SE08319010532, which became final December 19, 1990, and which sustained the Office of Personnel Management's decision denying his application for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 Apiado's petition for review, dated December 5, 1990, was addressed to the United States Patent and Trademark Office (PTO), and was received by that office on December 26, 1990, well within the 30-day period for appeal. See 5 U.S.C. § 7703(b)(1) (1988). The appeal eventually made its way to this court on April 1, 1991, several months after the period for appeal. Although the 30-day period is considered "statutory, mandatory, [and] jurisdictional," Monzo v. Dept. of Transp., Fed. Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984), the failure of the PTO to timely forward Apiado's petition may have precluded his otherwise timely petition. We therefore decline to accept the government's argument that Apiado's appeal should be dismissed for lack of jurisdiction, and accordingly address the merits of Apiado's petition.
 
 
 3
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). A party seeking entitlement to a retirement annuity must prove (1) that the party has at least 5 years of creditable civilian service and (2) that one of the last 2 years of service prior to separation was in a position covered by the CSRA. See 5 U.S.C. § 8333(a) and (b).
 
 
 4
 Apiado argues in his brief that the Board incorrectly decided or failed to take into account relevant facts because the Board overlooked situations that showed he was entitled to the annuity. However, Apiado fails to point out evidence in the record to support his assertions. The Administrative Judge (AJ) found that Apiado provided no evidence outside of Apiado's bare assertions that he ever worked as a Federal civilian employee. On review of the record, we must agree.
 
 
 5
 Apiado bears the burden of producing evidence to support his annuity claim, see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), a burden Apiado has not met here. Under these circumstances, we conclude that the AJ's findings were supported by substantial evidence.