NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3305

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

John-Pierre Baney, of Seagoville, Texas, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3305

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board
in No. DA3443060665-I-1

_____

DECIDED: February 8, 2008

_____

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

John-Pierre Baney seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Baney v. Dep't of Justice, No. DA3443060665-I-1 (May 18, 2007). We affirm.

I

Mr. Baney is employed by the Federal Bureau of Prisons as a cook supervisor in the agency's Seagoville, Texas facility. He is a member of the U.S. Coast Guard Reserve. He volunteered for active duty with the Coast Guard from July 6 through August 5, 2006.

After returning from his summer active duty in Alaska, Mr. Baney learned that the agency charged him with eight days of regular military leave under 5 U.S.C. § 6323(a) and 15 days of annual leave. Mr. Baney complained that the agency instead should have given him 22 days of military leave pursuant to 5 U.S.C. § 5232(b). Under Mr. Baney's view of the applicable leave provisions, he should not have been forced to use his annual leave and section 6323(a) leave. The agency disagreed. Mr. Baney appealed to the Board, arguing that he had been deprived of 22 days of leave under section 6323(b).

Under USERRA, a member of the uniformed military reserves (as Mr. Baney is) may seek to establish before the Board that he has been denied a benefit of employment due to performance of military duty. If Mr. Baney could establish entitlement to leave under section 6323(b), which he was denied, the Board has authority to order corrective action that would comply with the USERRA provisions. The question before the administrative judge thus was whether Mr. Baney established his claim of entitlement to leave under section 6323(b).

Section 6323(b), as stated by the administrative judge, allows for up to 22 days of leave for military service under carefully specified conditions. Precisely, such service must be under section 331, 332, 333 or 12406 of Title 10 (each provision requiring service to aid civil authorities), or for service to a State, the District of Columbia, the Commonwealth of Puerto Rico, or a territory of the United States, or for service as a result of a call or order to active duty in support of a contingency operation. The administrative judge construed each of the service provisions in section 6323(b) to require a call to duty, that is, an order requiring the person to assume active duty.

The administrative judge noted that Mr. Baney testified that he "solicited" himself for active duty and conceded that he had not been called or ordered to active duty. Nonetheless, Mr. Baney and an agency timekeeper thought that Mr. Baney was entitled to leave under section 6323(b). Because he had volunteered for service, rather than having been called or ordered, the administrative judge held that Mr. Baney had produced no evidence entitling him to leave under the strict terms of section 6323(b). The administrative judge consequently denied Mr. Baney's request for relief pursuant to USERRA. Mr. Baney chose not to seek further review from the full Board, and thus the initial decision of the administrative judge became the final decision of the Board on May 18, 2007. Mr. Baney then sought appellate review in this court.

II

The agency asserts that Mr. Baney's appeal to this court is untimely, and as such must be dismissed for lack of jurisdiction under Oja v. Dep't of the Army, 405 F.3d 1349 (Fed. Cir. 2005). The agency's claim is based on Mr. Baney's obligation to have filed his notice of appeal in this court within 60 days from May 18, 2007, the date upon which the Board's decision became final. The agency claims Mr. Baney's notice of appeal was not received by this court until August 17, 2007, more than 30 days late.

The agency's claim is incorrect. The docket file of this case reveals that our Clerk's Office first noticed Mr. Baney's notice of appeal on July 23, 2007, and on July 24, 2007, wrote to Mr. Baney advising him that his appeal was untimely filed. On August 6, 2007, Mr. Baney wrote back to the Clerk's Office, providing documentary evidence from the U.S. Postal Service of certified mail, showing a mailing to this court that was delivered to the court on May 21, 2007. Mr. Baney also enclosed a copy of the

notice of appeal that he asserted he had earlier sent by certified mail. The Clerk's office accepted Mr. Baney's August 6 letter on August 17, and date-stamped the notice of appeal with that date. Under these circumstances, Mr. Baney has shown that any error regarding the filing of his notice of appeal must be charged to the court, not to him. His notice of appeal is therefore deemed to have been filed on the date the Postal Service delivered it to the court, which was May 21, 2007. The notice of appeal is therefore timely.

III

In his informal brief, Mr. Baney continues to assert entitlement to leave under section 6323(b). He does not, however, explain why his voluntary service did not disqualify him for leave under section 6323(b). The agency's informal brief reiterates the Board's interpretation of section 6323(b).

We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise in violation of law. 5 U.S.C. § 5503(c).

The only issue in this appeal is whether the Board correctly interpreted section 6323(b) to disqualify voluntary service from leave under that section. We perceive no error in the Board's interpretation of the statute, and we therefore affirm the final decision of the Board.

COSTS

No costs.