NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3129

DANIEL NASH,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in
CH0752080531-I-1.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Daniel Nash moves for reconsideration of the court's rejection of his petition for review as untimely. The United States Postal Service (USPS) moves for an extension of time to submit a response. USPS responds to the motion for reconsideration and moves to dismiss the petition for review. Nash responds.

On December 4, 2008, the Merit Systems Protection Board issued a final decision in Nash v. United State Postal Serv., No. CH-0752-08-0531-I-1, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. Nash states that he received

2009-3129                                                    1

the Board's decision on December 8, 2008.[*]  The court received Nash's petition for review 74 days later, on February 20, 2009.

A petition for review of a Board decision must be filed within 60 days of receipt of the decision.  See 5 U.S.C. § 7703(b)(1).  The 60-day filing period is "statutory, mandatory, [and] jurisdictional." Monzo v. Dept. of Transp. , 735 F.2d 1335, 1336 (Fed. Cir. 1984); see also Oja v. Department of the Army, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("[c]ompliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction").

Nash asserts that he mailed his petition for review on January 30, 2009 and thus believed it would arrive at the court within the 60-day time limit.  Counsel for Nash asserts that his office contacted the clerk's office on January 30, 2009 before mailing the petition to verify what documents were required to be submitted and that the clerk's office did not inform his office that mail sent to the court is sent to an offsite location for irradiation prior to delivery to the court.  Counsel for Nash asserts that this procedure delayed the filing of the petition for review and argues that mail should be deemed received when it is received in the offsite facility, rather than when it arrives at the court.

Nash cites a nonprecedential disposition, Apiado v. Office of Pers. Mgmt., 1991 WL 237641 (Fed. Cir. Nov. 8, 1991), in which the appellant mistakenly mailed his appeal to an agency rather than the court.  After the time for appealing expired, the agency forwarded the documents to this court.  The court declined to rule that the appeal should be dismissed for lack of jurisdiction, determining that the failure of the

---

[*]     The Board's records reflect that Nash received the Board decision on December 10, 2008.  Nevertheless, even assuming that December 10 is the correct date of receipt, Nash's petition for review would still be untimely.

agency to timely forward the petition may have precluded the appellant's otherwise timely petition. Apiado is not citable pursuant to Fed. Cir. R. 32.1, is not precedential, and is not binding on the court. In addition, to the extent that the ruling in Apiado was based on the "unique circumstances" doctrine, that doctrine was squarely rejected by the United States Supreme Court in Bowles v. Russell, 551 U.S. 205 (2007).

Nash also cites the court's decision in Baney v. Department of Justice, 2008 WL 347903 (Fed. Cir. Feb. 8, 2008). In Baney, the petition for review was initially rejected as untimely. However, the petitioner then submitted documentation in the form of a certified mail receipt showing that a mailing to this court was delivered within the timeframe for submitting a petition for review. The court determined that the petition was deemed received on that date and thus was timely. In Baney, the court determined that the petition for review was received and filed within the statutory timeframe. In this case, however, it is uncontested that the petition was received by the court beyond the 60-day limit. Thus, Baney is not applicable.

USPS contends that the Supreme Court and this court have confirmed that the timely filing of a petition for review is a jurisdictional requirement and thus this court lacks authority to waive or equitably toll the timeliness requirement. USPS contends that in Bowles, the Supreme Court ruled that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and that the court has no authority to create equitable exceptions. In addition, USPS argues that this court confirmed in Oja that the 60-day time period set forth in section 7703(b)(1) may not be equitably tolled.

Pursuant to Fed. R. App. P. 25(a)(2), "filing is not timely unless the clerk receives the papers within the time fixed for filing" (emphasis added). Thus, it is clear that the

timeliness of a submission must be assessed based on the date of receipt by the clerk, not any other location. Bowles and Oja make clear that this court cannot waive the 60-day time limit set forth in section 7703(b)(1). Because Nash's petition for review was received by this court 14 days late, we must dismiss Nash's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1)    Nash's motion for reconsideration is denied.

(2)    USPS's motion to dismiss is granted. The petition for review is dismissed as untimely.

(3)    Each side shall bear its own costs.

(4)    USPS's motion for an extension of time is granted.

FOR THE COURT

**MAY - 5 2009**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

cc:    William H. Roemerman, Esq.
       Michael D. Snyder, Esq.

MAY - 5 2009

JAN HORBALY
CLERK

s17

**MAY - 5 2009**

ISSUED AS A MANDATE: _____

2009-3129                                    4