NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3068

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

2009-3097

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

John-Pierre Baney, of Seagoville, Texas, pro se.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent, in appeal nos. 2009-3068 and 2009-3097. On the brief in appeal no. 2009-3068 were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Ronald G. Morgan, Trial Attorney. On the brief in appeal no. 2009-3097 were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3068

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA3443080404-I-1.

_____

2009-3097

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA3443080012-B-1.

_____

DECIDED: June 24, 2009
_____

Before BRYSON, GAJARSA, <u>Circuit Judges</u>, and ST. EVE, <u>District Judge</u>.<sup>*</sup>

PER CURIAM.

John-Pierre Baney petitions for review of two decisions of the Merit Systems Protection Board dismissing his claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Whistleblower Protection Act ("WPA") for lack of subject matter jurisdiction. We <u>affirm</u> both decisions of the Board.

I

Mr. Baney is employed by the Bureau of Prisons as a Cook Foreman at the Federal Correctional Institution in Seagoville, Texas. He is also a member of the United States Coast Guard Reserve.

A

On October 4, 2007, Mr. Baney filed an appeal with the Merit Systems Protection Board seeking restoration of "[a]ll military days since 1987 to 2000 in annual leave or cash." Mr. Baney's initial submissions to the Board cited both the WPA and USERRA as the statutory bases for his military leave restoration claim. The administrative judge who was assigned to the appeal issued an order to show cause why the USERRA claim should not be dismissed as barred by res judicata. The administrative judge noted in her order that Mr. Baney had brought a similar claim in 2005, which the Board dismissed as moot after the Bureau of Prisons restored 13 days of military leave to Mr. Baney.

---

<sup>*</sup> The Honorable Amy J. St. Eve, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

Rather than addressing the issue raised by the administrative judge's order, Mr. Baney responded by alleging a second USERRA claim, namely that he was charged 208 hours of annual leave while he was serving on active military duty during July 2007. The administrative judge then directed Mr. Baney to plead additional facts in support of his newly asserted USERRA claim for restoration of annual leave. Mr. Baney filed a second response, which did not elaborate on the factual underpinnings of his WPA and USERRA claims.

The administrative judge subsequently dismissed Mr. Baney's appeal for failure to allege any facts establishing the Board's jurisdiction over the Bureau of Prisons' personnel actions. The administrative judge found that the Board had previously adjudicated Mr. Baney's claim for restoration of military leave between 1987 and 2000, that the administrative record lacked any support for his whistleblower claim, and that Mr. Baney had not sufficiently alleged a USERRA claim for restoration of 208 hours of annual leave in 2007.

On petition for review, the full Board concluded that collateral estoppel, and not res judicata, was the proper legal basis for precluding Mr. Baney from bringing a second challenge to his military leave balance between 1987 and 2000. The full Board further ruled, however, that Mr. Baney should be afforded another opportunity to make particularized showings in support of his whistleblower claim and his USERRA claim for restoration of annual leave in July 2007.

On remand, the administrative judge directed Mr. Baney to set forth the factual basis for the two remanded claims. In response, Mr. Baney asserted that the Bureau of Prisons had improperly accounted for his absences for military service in July of 2006,

not July of 2007 as he had initially alleged.  Because Mr. Baney had already litigated a claim for restoration of annual leave in July of 2006 and the Board had rejected that claim on the merits, the administrative judge issued an order requiring Mr. Baney to explain why his USERRA claim should not be dismissed as barred by res judicata.   Mr. Baney did not respond to that order.

The administrative judge again dismissed Mr. Baney's claims for lack of subject matter jurisdiction.  In particular, the administrative judge held that the doctrine of res judicata precluded the Board from entertaining Mr. Baney's annual leave restoration claim and that Mr. Baney had failed, for the second time, to allege any facts in support of his whistleblower claim.   After the full board denied his petition for review, Mr. Baney petitioned for review by this court.

B

Mr. Baney filed a second appeal with the Board on June 5, 2008, claiming that the Bureau of Prisons was "retaliating against employees after they engage EEO, MSPB, Civil cases."  Because Mr. Baney had not alleged any retaliation against him personally, the administrative judge who was assigned to the case instructed him to identify the protected disclosures and personnel actions that were at issue in his appeal. Mr. Baney responded on July 17, 2008, by alleging that the Bureau of Prisons had placed him on leave without pay status for eight hours on January 14, 2008, while he was attending a Board hearing in connection with a previously filed USERRA claim.  His response did not, however, include any additional facts pertaining to the whistleblower claim that was the initial basis for his appeal.

The administrative judge subsequently ordered Mr. Baney to show why the appeal should not be dismissed in light of one of his earlier appeals that appeared to arise out of the same set of operative facts. That appeal was dismissed as moot after the Bureau of Prisons acknowledged its error and compensated Mr. Baney for the eight hours of leave that had been improperly withheld. Mr. Baney's response to the second order to show cause did not supply any legal or factual basis for distinguishing the instant appeal from the earlier appeal that had been adjudicated by the Board. The administrative judge therefore dismissed Mr. Baney's appeal on the ground that he was collaterally estopped from challenging the Board's earlier decision with respect to the restoration of eight hours of leave on January 14, 2008. Mr. Baney's petition for review by the full Board was denied. Mr. Baney then petitioned for review by this court.

II

We first address the USERRA claims pertaining to Mr. Baney's use of military leave between 1987 and 2000 and to his being placed on leave without pay status on January 14, 2008. The Board held that Mr. Baney was collaterally estopped from asserting those claims in light of two earlier-filed appeals that were dismissed on mootness grounds. We see no reason to disturb the Board's ruling on either claim.

On October 5, 2005, Mr. Baney appealed to the Board contending that the Bureau of Prisons had erroneously charged him military leave for attending to his reservist duties on certain non-work days between 1987 and 2001. The Board dismissed that appeal as moot after the Bureau of Prisons restored 13 days of leave to Mr. Baney. This court subsequently affirmed the Board's dismissal of that leave restoration claim.

In early 2008, the Board addressed Mr. Baney's claim "that the agency had placed him in a LWOP status for eight hours on January 14, 2008 . . . as a result of his absence from work to participate in a Board hearing on that date." Because the Bureau of Prisons conceded its error and submitted documentation reflecting that the eight hours of leave had been restored, the Board dismissed the claim as moot.

On the record before us, it is clear that Mr. Baney is collaterally estopped from appealing both the Bureau of Prisons' decision to place him on leave without pay status on January 14, 2008, and its calculation of the amount of military leave that he accrued between 1987 and 2000. Mr. Baney has not offered any ground for distinguishing the claims resolved in the two earlier appeals from the seemingly identical claims raised in the current appeals. In both of the earlier appeals, the Board expressly considered whether Mr. Baney's claims had been rendered moot by the Bureau of Prisons' decision to remedy the errors identified by Mr. Baney. In both appeals, the Board decided that the Bureau of Prisons had afforded Mr. Baney all the relief to which he was entitled and that there was nothing left for the Board to do. We therefore sustain the Board's decision as to the collateral estoppel effect of the prior adjudication of Mr. Baney's leave status on January 14, 2008, and his military leave balance in 2000.

III

We next turn to Mr. Baney's claim that he was improperly charged 208 hours of annual leave while he was serving on active military duty from July 6 to August 6, 2006. The Board held that the doctrine of res judicata precluded Mr. Baney from relitigating that claim. We find no error in the Board's decision on that score.

On August 21, 2006, Mr. Baney filed an appeal with the Board alleging that the Bureau of Prisons had improperly accounted for his military service between July 6 and August 5, 2006. Mr. Baney contended that the Bureau of Prisons had required him to account for his absence by using 15 days of annual leave and 8 days of regular military leave, rather than permitting him to use "emergency" military leave as authorized by 5 U.S.C. § 6323(b). The Board denied Mr. Baney's claim, finding that Mr. Baney did not qualify for emergency leave under Section 6323(b) because he had volunteered for active duty. On appeal, this court summarily affirmed the Board's dismissal of the appeal.

Mr. Baney does not dispute that the Board's decision as to his USERRA claim for restoration of annual leave in July 2006 is final. Nor has he pointed to any factual or legal distinctions between the claim decided in the earlier-filed appeal and the claim raised in this appeal. Accordingly, we sustain the Board's decision that Mr. Baney's claim for restoration of annual leave in July 2006 is barred by res judicata.

IV

Mr. Baney contends that he is entitled to a hearing on his USERRA claims merely because he invoked USERRA and requested a hearing before the administrative judge. Citing our decision in Kirkendall v. Department of the Army, 479 F.3d 830 (Fed. Cir. 2007) (en banc), Mr. Baney argues that "an appellant who raises a USERRA claim has an unconditional right to a hearing." In Kirkendall, this court held that a USERRA claimant has a right to a hearing upon request, see 479 F.3d at 844-46, 862-63, but the court's analogy to appeals governed by 5 U.S.C. § 7701 indicates that if a USERRA claimant fails to make a non-frivolous allegation of Board jurisdiction he is not entitled to

a hearing. Id.; see also Downs v. Dep't of Veterans Affairs, 110 M.S.P.R. 139, 147-48 (2008).

The full Board upheld the jurisdictional dismissal of Mr. Baney's USERRA claim for the years between 1987 and 2000 on purely legal grounds based on the earlier adjudication with regard to those years. As to his claim regarding the period from July 6, 2007, to August 6, 2007, the full Board remanded the case to the administrative judge, and the administrative judge scheduled a hearing. However, when Mr. Baney advised the administrative judge that the period for which he was claiming benefits was actually in 2006, not 2007, the administrative judge noted that his claim relating to July and August of 2006 had already been adjudicated and rejected in an earlier Board proceeding. Accordingly, the administrative judge concluded that Mr. Baney's claim was barred by res judicata and canceled the hearing.

The right to a hearing for USERRA claims does not entail the right to relitigate already resolved claims and to require the administrative judge to conduct a hearing whenever such previously resolved claims are reasserted. Because there was no factual dispute to be resolved once Mr. Baney acknowledged that he had no claim regarding July and August of 2007, the administrative judge correctly declined to hold a hearing on the 2006 claim that had previously been fully adjudicated and rejected.

V

Mr. Baney challenges the Board's ruling that he failed to allege a prima facie case under the WPA. Although Mr. Baney was given several opportunities to set forth a factual basis for his whistleblower claim, his responses to the Board's orders were conclusory and unsupported by specific allegations of reprisals for whistleblowing

activity.  Before the full Board, Mr. Baney represented that he was in possession of a sworn affidavit supporting his allegation that he had been "threaten[ed] with his job and his career . . . for the last three years."  The Board can grant a petition for review when it is presented with new and material evidence that, despite due diligence, was not available when the record closed.  5 C.F.R. § 1201.115(d)(1); see also Brenneman v. Office of Pers. Mgmt., 439 F.3d 1325, 1328 (Fed. Cir. 2006).  However, Mr. Baney failed to provide the Board with a copy of the affidavit in question, and he failed to explain how the affidavit qualified as "new and material" evidence under the Board's regulations.  Accordingly, the Board did not err in concluding that he failed to make sufficient allegations to support his whistleblower claim.

## VI

Mr. Baney's briefs in this court include reference to several USERRA claims that were not presented to the Board in the first instance.  For example, Mr. Baney alleges that the Bureau of Prisons improperly charged him 256 hours of annual leave between 2002 and 2004, 208 hours of annual leave between 2005 and 2006, and 400 hours of sick leave between 2001 and 2004.  He seeks an order compelling the Bureau of Prisons to restore that leave and to compensate him in the amount of $150,000 for the alleged retaliation, harassment, and violations of privacy.

We have previously stated that a "party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court."  Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998).  Because there is no indication in the record that the foregoing claims for restoration of annual and

sick leave were advanced before the Board, those claims have not been preserved for review.  We therefore sustain the decisions of the Board in both cases before us.