NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2010-3132

---

Petition for review of the Merit Systems Protection Board in Case No. DA4324090224-I-2.

---

Decided: October 13, 2010

---

JOHN-PIERRE BANEY, of Seagoville, Texas, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN, AND CLEVENGER,
*Circuit Judges.*

PER CURIAM.


John-Pierre Baney appeals the final decision of the Merit Systems Protection Board ("Board") finding that the Federal Bureau of Prisons ("agency") did not violate his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§4301–4333 ("USERRA"). Mr. Baney alleged that the agency improperly (1) denied him leave for November 18–19, 2008, (2) charged 11.5 hours of absence without leave ("AWOL") for those dates, and (3) denied overtime pay during that pay period. The Administrative Judge ("AJ") concluded that the agency's actions were not motivated by Mr. Baney's exercise of his USERRA rights, and that the agency would have taken the same action in the absence of the exercise of those rights. On review, the Board agreed with the AJ, and rejected Mr. Baney's complaints that the AJ was biased against him or did not give him a full and fair hearing. We affirm.

## BACKGROUND

Mr. Baney was in the United States Coast Guard from 1974 through 1978, and is currently a member of the Coast Guard Reserve. He works as a Cook Supervisor at the agency's Federal Correctional Institution in Seagoville, Texas. Mr. Baney has asserted his rights under USERRA in numerous actions against the agency for, among other things, erroneously charging military leave time and improperly placing him on "leave without pay" status. *See, e.g., Baney v. Dep't of Justice*, 327 F. App'x 895 (Fed. Cir. 2009) (affirming dismissal by the Board of two actions as barred by collateral estoppel and res judicata). Mr. Baney's

complaint in this case asserts that the agency's actions related to his November 18–19 absence were motivated by the enforcement of his USERRA rights in these prior USERRA actions.

Mr. Baney requested administrative leave for November 18, 2008 in order to file a complaint with the Federal Bureau of Investigation and Federal Protective Service. He also requested leave for November 19 to meet with an attorney at the Federal Labor Relations Authority ("FLRA") in Dallas, Texas to provide affidavits related to charges he had made against the agency through the FLRA. Mr. Baney's first line supervisor, who usually evaluated Mr. Baney's leave requests, was unavailable. In the supervisor's absence, Associate Warden Andre Ivory reviewed Mr. Baney's request and concluded that (1) Mr. Baney had not provided sufficient information to grant the requested leave to file complaints on November 18, and (2) that Mr. Baney could receive leave time only for a telephonic FLRA interview. Warden Ivory notified Mr. Baney in writing of his decision, but Mr. Baney nonetheless was AWOL for 3.5 hours on November 18 and missed his eight-hour shift on November 19. Although Mr. Baney had been approved for overtime work during the relevant pay period, under the agency's overtime policy he was not eligible for overtime pay until he had made up the 11.5 hours of AWOL.

Mr. Baney filed a petition with the Board, alleging that the agency's actions were motivated by retaliation for the exercise of his USERRA rights. The AJ conducted a hearing and concluded that Mr. Baney's prior USERRA enforcement actions were not a substantial or motivating factor in charging him with 11.5 hours of AWOL and denying his overtime pay, and that the agency would have taken the same action irrespective of the prior USERRA appeals. Mr. Baney petitioned the Board to reconsider, but the Board agreed

with the AJ that Mr. Baney failed to establish a USERRA violation. The Board also found no basis for Mr. Baney's allegation that the AJ's decision to hold a hearing by video-conference was improper. Mr. Baney also claimed that reporters were improperly barred from the hearing, but the Board found no indication that the hearing was closed and that Mr. Baney had not explained how such action would justify reversing the AJ's decision even if true. The Board also rejected Mr. Baney's allegations of bias. Mr. Baney appeals.

## DISCUSSION

The court's review of a Board decision is limited by statute. Section 7703(c), Title 5 U.S.C., provides that "the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be-- (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Thus, the court will affirm fact findings of the Board that are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), but reviews questions of law *de novo*, *Delong v. Dep't of Health and Human Servs.*, 264 F.3d 1334, 1338 (Fed. Cir. 2001).

Mr. Baney argues on appeal that the following are facts the Board failed to take into account in reaching its decision:

> 1. Over two hundred exhibits were brought to the hearing;

2. Mr. Baney was not given a fair and im-
partial hearing;

3. The AJ allowed perjury from agency
witnesses;

4. The AJ allowed workplace violence to
happen during almost a year of jurisdiction;
and

5. The agency improperly tampered with
witnesses on both sides.

Mr. Baney also argues that the Board reached the wrong
decision, implies that the AJ's promotion to Chief Adminis-
trative Judge during the pendency of the case was somehow
arranged by the agency (who does not employ the AJ) in
exchange for a favorable decision, and complains that he
was not permitted to have eye witnesses testify. Mr. Baney
also repeats his argument made before the Board that
certain reporters were improperly barred from observing the
hearing.

We hold that substantial evidence supports the Board's
decision. Mr. Baney's vague and unsubstantiated argu-
ments on appeal do not convince us otherwise, though we
have considered them carefully. The Board correctly held
that there is no statutory entitlement to an in-person, as
opposed to videoconference, hearing. There is also no indi-
cation that any reporters were barred from observing the
videoconference hearing, or that the AJ's elevation to Chief
Administrative Judge had any connection to this case or
indicates even the possibility of bias against Mr. Baney. To
the extent the large number of exhibits could have hurt Mr.
Baney's case, the government points out that the exhibits
were introduced by Mr. Baney. To the extent Mr. Baney

argues that the large number of exhibits introduced by him demonstrate that the Board's decision cannot be supported by substantial evidence, Mr. Baney has not attempted to show that any of these exhibits presents evidence contrary to that relied on by the Board. The serious allegations of perjury and witness tampering are unsupported.

Concerning the merits of the Board's decision, we agree with the government that it is supported by substantial evidence. Mr. Baney does not dispute that he made no attempt to provide further details about the leave requested for November 18, 2008, even though it was denied only on that basis. The agency was also willing to allow official leave on November 19 for a telephonic interview with the FLRA staff, but had informed Mr. Baney that if he insisted on travelling to Dallas for an in-person meeting with the FLRA, he would be considered AWOL. The record shows that the FLRA informed Mr. Baney that his "decision to appear in person for the presentation of testimony to the FLRA was not arranged or required by this office, which had offered to take your testimony telephonically." App. to Gov't Br. 30. The agency also offered documentation and testimony explaining its policy that the overtime rate can only be paid for hours worked beyond those normally required. The Board did not err in relying on this evidence to conclude that factors other than Mr. Baney's prior USERRA actions supported the denial of leave and overtime pay, or that the agency would have taken the same action even in the absence of Mr. Baney's protected activity. We affirm the decision of the Board.

**AFFIRMED**