NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**
*Petitioner,*

v.

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2011-3212

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. DA4324110135-I-1.

---

Decided: April 6, 2012

---

JOHN-PIERRE BANEY, of Seagoville, Texas, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before LOURIE, DYK and MOORE, *Circuit Judges*.

PER CURIAM.

John-Pierre Baney seeks review of the final decision of the Merit Systems Protection Board ("the Board"). *See Baney v. Dep't of Justice*, No. DA4324110135-I-1 (M.S.P.B. June 10, 2011). Because the Board did not err, we *affirm*.

## BACKGROUND

Baney was employed by the Bureau of Prisons ("BOP") as a cook supervisor at a federal correction facility in Seagoville, Texas. At the time of his employment, Baney was a member of the Coast Guard Reserve, and during the course of his employment, he filed a number of actions alleging violations the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), *e.g.*, *Baney v. Dep't of Justice*, 327 F.App'x 895 (Fed. Cir. 2009), in addition to actions involving the Whistleblower Protection Act and the 1964 Civil Rights Act, among others.

This case focuses on two sets of events that occurred in late 2009 and 2010. The first set relates to Baney's suspension and resulting settlement agreement. In February 2010, Baney was suspended for two days for unprofessional conduct, and, in March, he filed a formal grievance through the collective bargaining agreement process. Prior to an arbitration hearing scheduled for October, Baney entered into a settlement agreement that reclassified the suspension as a letter of reprimand and awarded Baney back pay. These events are not before us.

The second set of events relates to Baney's absent without leave ("AWOL") status that resulted from his absence on November 21, 2010. On December 2, 2009, Baney received an email from the Food Service Administrator with the approved leave schedule for 2010. The

schedule approved Baney to take leave on November 19th and 20th but did not approve his request to take leave on November 21st.

On November 2, 2010, Baney received a confirmation email from the Assistant Food Service Administrator that contained the work schedule for the upcoming pay periods. Specifically, the calendar document attached to the email showed that Baney would be on annual leave on November 19th and 20th, but that he was scheduled to work the night shift on November 21st.

Baney failed to report to work on November 21st. Instead, he was attending a Civil War Reenactment event. As a result of Baney's absence, another employee was required to cover for him. Ultimately, the BOP placed Baney in an AWOL status for that day.

Thereafter, Baney initiated proceedings at the Board, raising a number of issues relating to the settlement agreement and his AWOL classification. Specifically, Baney argued that the motivating factor for placing him on AWOL was his military status, military service, or the prior exercise of his rights under USERRA.

After issuing several orders for Baney to show cause that the Board possessed jurisdiction over Baney's appeal, the administrative judge ("AJ") assigned to the appeal held a hearing. At the hearing, witnesses who worked with Baney explained the process for requesting leave, recounted that Baney did not obtain leave for November 21st because he did not timely request it, and testified that Baney's prior USERRA appeals and his military status had no influence on the BOP's decision to classify Baney as AWOL for November 21st. In light of this testimony, the AJ's initial decision denied Baney's request to correct his AWOL classification. Specifically, the AJ found that Baney had failed to show that a substantial

factor in placing him in AWOL status was his military status or the prior exercise of his rights under USERRA. In addition, the AJ dismissed the remaining issues raised by Baney, including his claims relating to the settlement agreement. After the period for full Board review lapsed, the AJ's initial decision became the decision of the Board.

Baney timely appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Baney raises a number of arguments on appeal. First, Baney argues that the Board failed to consider whether he was subjected to an improper "practice in labor arbitration." Second, Baney argues that his constitutional rights to a fair trial and due process of law were violated. Third, Baney argues that the BOP and the Board obstructed justice, improperly sought to divert attention away from the truth, and that the BOP's witnesses committed perjury. In light of these alleged errors, Baney seeks a remand to the Board to conduct a fair hearing away from his work place.

We disagree. Baney's allegations on appeal are conclusory and do not identify any instance of misconduct by the Board or the BOP. Nor does a review of the record indicate that the Board or the BOP acted improperly or violated Baney's due process rights. Instead, the Board simply credited the testimony of the BOP's witnesses and found Baney's testimony to lack credibility, a determination that is "virtually unreviewable on appeal." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Regarding the other issues Baney raised before the Board, which Baney does not raise on appeal, a review of the record indicates that the Board properly dismissed those claims.

**AFFIRMED**