NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3088

---

Petition for review of the Merit Systems Protection Board in No. DA4324120108-I-1.

---

Decided: October 15, 2013

---

JOHN-PIERRE BANEY, of Seagoville, Texas, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before RADER, *Chief Judge,* LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

John-Pierre Baney appeals from the final order of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *Baney v. Dep't of Justice*, No. DA-4324-12-0108-I-1 (M.S.P.B. Feb. 4, 2013) (*Final Order*). For the reasons discussed below, we *affirm*.

BACKGROUND

Mr. Baney was employed by the Bureau of Prisons (BoP) at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville) and served in the U.S. Coast Guard Reserve for thirty-three years. Mr. Baney filed an appeal with the Board, alleging that the BoP retaliated against him for "filing many . . . appeals" against it under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Mr. Baney sought damages for all of the absent without leave (AWOL) charges made against him after his return from active duty, as well as for the adverse actions taken "by all the Wardens at FCI Seagoville." In a subsequent submission, Mr. Baney challenged the issuance of "another disciplinary action" for "eleven and a half hours AWOL" that occurred "more than three years ago." Mr. Baney also alleged that he had been discriminated against "because of his . . . obligation to [serve in] the uniformed services . . . ."

The Administrative Judge (AJ) issued an order instructing Mr. Baney to show cause why his "eleven and a half hours AWOL" claim was not barred under the doctrine of collateral estoppel in light of previous Board decisions addressing other AWOL claims Mr. Baney had filed. *Baney v. Dep't of Justice*, No. DA-4324-12-0108-I-1, Order at 2 (M.S.P.B. June 5, 2012). The order also directed Mr. Baney to "specifically identify" the adverse actions he believed had been taken against him in violation of his USERRA rights. *Id.* Mr. Baney's response did not explain why his AWOL claim was not barred by collateral estoppel or identify the specific adverse actions

underlying his other claims. It did, however, include an additional allegation that he was erroneously charged "208 hours of annual leave while on 30 days of active military duty."

The AJ issued an Initial Decision dismissing the case for lack of jurisdiction. *Baney v. Dep't of Justice*, No. DA-4324-12-0108-I-1, Order at 1 (M.S.P.B. June 21, 2012). The AJ determined that Mr. Baney's leave-related claims were barred under the doctrine of collateral estoppel. *Id.* at 4. The AJ dismissed Mr. Baney's remaining claims as "frivolous" and "too vague to even characterize." *Id.* at 5.

Mr. Baney petitioned the Board, which issued a Final Order affirming the AJ's decision. *Final Order* at 2-3. Mr. Baney appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo*. *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). Mr. Baney has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Id.* Collateral estoppel applies when (1) the issue presented is identical to the issue previously adjudicated, (2) that issue was "actually litigated" in the prior case, (3) the previous determination of that issue was necessary to the end decision, and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988).

On appeal, Mr. Baney does not challenge the Board's determination that collateral estoppel bars his leave-related claims. We agree with the Board that Mr. Baney's claims are barred by collateral estoppel because they challenge the same issues that Mr. Baney actually litigated and that were necessary to the decisions in previous proceedings. *See, e.g.*, *Baney v. Dep't of Justice*, 409 F. App'x 319 (Fed. Cir. 2010) (finding no USERRA violation for charging Mr. Baney with eleven and a half hours of AWOL in November 2008); *Baney v. Dep't of Justice*, 263 F. App'x 892 (Fed. Cir. 2008) (finding no USERRA violation for charging Mr. Baney with 23 days of leave while on active military duty for 30 days); *see also Baney v. Dep't of Justice*, 327 F. App'x 895 (Fed. Cir. 2009) (holding that Mr. Baney's challenge to being charged with 208 hours of annual leave while on active military duty for 30 days was barred by the res judicata effects of our 2008 decision). Accordingly, we affirm the Board's decision dismissing Mr. Baney's leave-related claims as barred by collateral estoppel.

The Board did not err in dismissing Mr. Baney's remaining claims. These claims merely allude to various acts of alleged agency misconduct without providing any details regarding the events underlying the allegations, even after Mr. Baney was ordered by the AJ to provide these details. We thus affirm the Board's decision to dismiss these claims.

CONCLUSION

We affirm the Board's dismissal of Mr. Baney's appeal for lack of jurisdiction.

**AFFIRMED**