NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3190

JOHN-PIERRE BANEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

John-Pierre Baney, of Seagoville, Texas, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is not citable as precedent.

# United States Court of Appeals for the Federal Circuit

2009-3190

JOHN-PIERRE BANEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA-1221-09-0177-W-1.

_____

DECIDED: October 9, 2009

_____

Before LOURIE, ARCHER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

John-Pierre Baney ("Mr. Baney") appeals from the Merit Systems Protection Board's ("MSPB" or "Board") final order dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. <u>Baney v. Dep't of Justice</u>, M.S.P.B. No. DA-1221-09-0177-W-1 (April 22, 2009) ("<u>Final Order</u>"). Because we conclude that Mr. Baney has failed to meet his jurisdictional burden, we <u>affirm</u>.

BACKGROUND

Mr. Baney is a cook supervisor for the Federal Bureau of Prisons, U.S. Department of Justice, in Seagoville, Texas.

On December 20, 2008, Mr. Baney filed an IRA appeal claiming that the Bureau of Prisons ("Agency") retaliated against him for whistleblowing in violation of the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8). Specifically, Mr. Baney alleged that he reported an episode of workplace violence to his superiors, and, as reprisal for his disclosure, was declared absent without leave ("AWOL") and forced to retire. Mr. Baney also alleged discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); however, because the Board docketed the USERRA claim separately, it is beyond the scope of this appeal.

In response to Mr. Baney's filing, the administrative judge ("AJ") ordered Baney (1) to provide evidence that he had sought corrective action from the Office of Special Counsel ("OSC") before initiating his appeal; and (2) to show that his retirement from the Agency was involuntary. The AJ explained that Board jurisdiction over whistleblower claims turns on a showing that all administrative remedies before the OSC have been exhausted, and that jurisdiction over involuntary retirement claims under 5 U.S.C. § 7512 requires proof that the retirement was obtained by duress, coercion, or misrepresentation. Mr. Baney failed to respond to either order. Indeed, in a subsequent motion for sanctions, Baney conceded that he was still employed by the Agency and had not retired.

On January 26, 2009, the AJ dismissed Mr. Baney's whistleblower and adverse action claims for lack of jurisdiction, citing Mr. Baney's failure to exhaust OSC administrative remedies or to establish that he was forced to retire from the Agency. The decision became final on April 22, 2009, when the Board denied Mr. Baney's petition for review.

Mr. Baney appeals to this court for relief. Pursuant to 5 U.S.C. § 7703, we have jurisdiction to review the Board's final decision.

## STANDARD OF REVIEW

Whether the Board has jurisdiction over these issues is a question of law, reviewable de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Factual findings underlying the Board's jurisdictional conclusions, however, are entitled to deference unless unsupported by substantial evidence. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## DISCUSSION

The Merit Systems Protection Board has limited jurisdiction. The Board may only review agency actions where appeals are authorized by statute, rule, or regulation, 5 U.S.C. § 7701(a), and the burden is on the petitioner to establish Board jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213—14 (Fed. Cir. 2003).

In order for the Board to have jurisdiction over an IRA whistleblowing claim, the aggrieved employee is required to first bring his complaint before the OSC and exhaust the administrative remedies before that agency. See Yunus v. Dep't of Veteran Affairs,

242 F.3d 1367, 1371 (Fed. Cir. 2001). It is not enough to allege retaliation for whistleblowing in general terms; the employee must inform the OSC of the precise nature of his reprisal accusations, and in so doing, give the OSC an opportunity to investigate and respond as appropriate. See Ward v. Merit Sys. Prot. Bd., 981 F.2d 521, 526 (Fed. Cir. 1992). Provided the employee discharges this burden, the employee then must allege, nonfrivolously, that: (1) he engaged in "whistleblowing" activity; and (2) his agency pursued a prohibited "personnel action" against him in response to the whistleblowing activity. 5 U.S.C. § 2302(a), (b)(8).

We do not reach the question of whether Mr. Baney made nonfrivolous allegations of "whistleblowing" or improper "personnel actions" by his agency because those questions are not properly before us, and because, even if he did, jurisdictional infirmities would persist. Mr. Baney has failed to satisfy the first element of Board jurisdiction: to prove that he sought corrective action through the OSC before bringing his appeal. The AJ ordered the production of evidence that Baney had addressed his concerns to the OSC, and he did not respond. The Board, therefore, properly dismissed Mr. Baney's action for failure to exhaust his administrative remedies before the OSC.

Mr. Baney also submits that the Board has jurisdiction over his involuntary retirement claim. However, as a precondition to Board jurisdiction over such claims, an appellant must show: (1) retirement or resignation; and (2) "that his resignation or retirement was involuntary and thus tantamount to forced removal." Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (citing Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340—41 (Fed. Cir. 2001)).

Mr. Baney fails to make even the threshold showing that he resigned or retired from the Agency. Indeed, the record shows that Mr. Baney was still employed by the Agency on January 24, 2009, well after he commenced his appeal. Because Mr. Baney has failed to establish this basic predicate to jurisdiction, there can be no further consideration of his involuntary retirement claim.

We agree with the Board's conclusion that it lacks jurisdiction to hear Mr. Baney's claims. Accordingly, we affirm.

Each party shall bear its own costs.