NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3228

JOHN-PIERRE BANEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

John-Pierre Baney, of Seagoville, Texas, pro se.

Joyce Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3228

JOHN-PIERRE BANEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA1221090164-W-1.

_____

DECIDED: January 5, 2010

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

John-Pierre Baney petitions for review of the final decision of the Merit Systems Protection Board dismissing his claim for lack of jurisdiction. We <u>affirm</u>.

## BACKGROUND

Mr. Baney is employed by the Bureau of Prisons as a Cook Foreman at the Federal Correctional Institution in Seagoville, Texas. He is also a member of the United States Coast Guard Reserve.

On December 16, 2008, Mr. Baney filed an appeal with the Merit Systems Protection Board challenging an "other action" that he described as "Workplace Violence, Retaliation." He also checked boxes on the appeal form indicating claims of harmful procedural error, prohibited discrimination, actions taken not in accordance with law, prohibited personnel practices, violations of the Whistleblower Protection Act ("WPA"), and violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Mr. Baney's description of his complaint was that "[b]ecause of [his] Whistle Blowing cases . . . [t]he BOP had allowed WorkPlace violence three times against Mr. Baney . . . [and t]he Employer is trying to force to quit."

The administrative judge dismissed Mr. Baney's appeal for lack of jurisdiction. First, with regard to the whistleblower claim, the administrative judge found that Mr. Baney had failed to exhaust his administrative remedies before the Office of Special Counsel. The administrative judge had ordered Mr. Baney to demonstrate that the Board had jurisdiction by showing that either (1) the Office of Special Counsel had notified Mr. Baney that it was terminating its investigation on his allegations, or (2) 120 calendar days had passed since Mr. Baney had sought corrective action before the Office of Special Counsel. Mr. Baney failed to submit any such evidence.

Second, with regard to the USERRA claim, the administrative judge determined that the only action Mr. Baney had identified as being discriminatory was a claim of involuntary retirement. But not only did Mr. Baney mark on his appeal form that his employment status was "Permanent," and not "Retired," he also acknowledged in a separate filing that he was "still employed with the Federal Bureau of Prisons."

Accordingly, the administrative judge concluded that jurisdiction was lacking because Mr. Baney had failed to allege a viable USERRA claim.

## DISCUSSION

On appeal, Mr. Baney complains that he was denied an "unconditional right to a hearing" under USERRA. Mr. Baney has already raised that argument in this court and had it rejected. See Baney v. Dep't of Justice, 327 F. App'x. 895, 900 (Fed. Cir. 2009) ("[I]f a USERRA claimant fails to make a non-frivolous allegation of Board jurisdiction he is not entitled to a hearing."). We reject that argument once again for the same reasons. We also note that the allegations raised in the instant appeal appear to be identical to those raised in at least two other appeals brought by Mr. Baney, and thus would appear to be barred by res judicata. See id.; Baney v. Merit Sys. Prot. Bd., No. 2009-3190, 2009 WL 3241370 (Fed. Cir. Oct. 9, 2009). We therefore uphold the Board's order dismissing Mr. Baney's appeal.