NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2010-3184

---

Petition for review of the Merit Systems Protection Board in DA3443100262-I-1.

---

Decided: February 15, 2011

---

JOHN-PIERRE BANEY, Seagoville, Texas, pro se.

STEPHANIE M. CONLEY, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

DECISION

John-Pierre Baney appeals a decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because Mr. Baney failed to allege claims falling within the Board's jurisdiction, we affirm.

BACKGROUND

Mr. Baney works for the Bureau of Prisons at a facility in Seagoville, Texas. On February 16, 2010, he filed an appeal with the Board alleging retaliation, breach of contract, and workplace violence. In his appeal, he indicated that he had filed two other complaints concerning the same underlying events—an Individual Right of Action ("IRA") complaint that he filed with the Office of Special Counsel ("OSC") and a complaint under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") that he filed with the Department of Labor. He did not provide a copy of either complaint, and he did not provide any details about the events underlying his claims on appeal.

The administrative judge who was assigned to the case ordered Mr. Baney to show why the Board had jurisdiction over the appeal. Prior to the due date for Mr. Baney to respond to the show cause order, the administrative judge issued a second order requiring Mr. Baney to submit a copy of his OSC complaint, to identify the actions that he claimed were taken against him in retaliation for his whistleblowing disclosures and the person

who took those actions, and to explain how his disclosures contributed to the agency's decision to retaliate against him. For the USERRA claim, the administrative judge directed Mr. Baney to disclose whether he had chosen not to file a complaint with the Secretary of Labor or had opted to file a complaint before the Secretary that was still pending. The administrative judge also ordered Mr. Baney to identify each action that he alleged was taken based on discrimination because of his status as a veteran.

Mr. Baney did not comply with any of the administrative judge's directives. Instead, he filed a motion for a formal hearing, asserting that he had an "unconditional right to a hearing" based on *Baney v. Department of Justice*, 109 M.S.P.R. 242, 249 (2008). He did not allege any specific facts about the retaliatory or discriminatory actions purportedly taken against him, but alluded to several additional acts of alleged misconduct by the agency, including obstruction of justice, perjury, conflict of interest, and hostile environment based on retaliation. He provided no details regarding the events underlying these allegations.

The administrative judge dismissed Mr. Baney's appeal for lack of jurisdiction because Mr. Baney had not identified a law, rule, or regulation that would give the Board jurisdiction over his appeal. Mr. Baney petitioned the full Board for review, alleging that he had been improperly denied a hearing. He also alleged specific facts about his breach of contract action, claiming that the agency had retaliated against him for filing appeals by revoking 13 days of military leave he had won in an earlier case before the Board.

The Board denied his petition for review. The Board explained that Mr. Baney had not provided any of the information or documentation necessary to show that the Board had jurisdiction over his claims. Rejecting Mr. Baney's contention that he had an unconditional right to a hearing, the Board noted that a USERRA claimant's right to a hearing attaches only after the claimant demonstrates the Board has jurisdiction over his appeal. The Board stated that it would not consider the specific allegations of agency misconduct that were raised for the first time in his petition for review of the administrative judge's decision. Mr. Baney now petitions for review by this court.

## DISCUSSION

Mr. Baney contends that, as a USERRA claimant, he had an unconditional right to a hearing before the Board based on our decision in *Kirkendall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007) (en banc). Although this court held in *Kirkendall* that USERRA claimants have the right to a hearing because they are "appeals" under 5 U.S.C. § 7701, it did not hold that the right to a hearing attaches simply because a claimant files a claim with the Board that he denominates as a USERRA claim. Because the right to a hearing is based on section 7701, that right only attaches after a USERRA claimant makes a non-frivolous allegation of Board jurisdiction. *Downs v. Dep't of Veterans Affairs*, 100 M.S.P.R. 139, 148 (2008).[1]

---

[1] Mr. Baney has made the same argument to this court before, and the court has twice rejected it on the same grounds. *See Baney v. Merit Sys. Prot. Bd.*, 360 Fed. Appx. 119, 120 (Fed. Cir. 2010); *Baney v. Dep't of Justice*, 327 Fed. Appx. 895, 900 (Fed. Cir. 2009).

Mr. Baney has failed to satisfy the threshold showing necessary to show that the Board has jurisdiction over his USERRA claim. He has provided no details about his claim. He has not described the protected right or benefit that he was allegedly denied because of his military status.[2] He did not respond to the administrative judge's inquiries as to whether he had pursued the same claim with the Department of Labor or whether any such claim before the Department of Labor was still pending, issues that affect the Board's jurisdiction. *See* 38 U.S.C. § 4324(b); *Becker v. Dep't of Veterans Affairs*, 107 M.S.P.R. 327, 333-34 (2007) (USERRA complainant who files a complaint with the Department of Labor pursuant to 38 U.S.C. § 4322 must exhaust administrative remedies before initiating a proceeding before the Board). Because Mr. Baney failed to respond to the administrative judge's inquiries directed to whether the Board had jurisdiction over his USERRA claim, we affirm the Board's decision dismissing his claim for lack of jurisdiction.

We also affirm the Board's decision dismissing Mr. Baney's IRA appeal without a hearing. To establish that the Board possessed jurisdiction to consider an IRA appeal, Mr. Baney had to demonstrate that he had exhausted his administrative remedies before the OSC and had to make non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

---

[2]    Like the Board, we do not consider Mr. Baney's belated assertion that the agency deprived him of 13 days of military leave, a contention that was raised for the first time in his petition for review before the full Board.

If the employee fails to make non-frivolous allegations of whistleblower activity and retaliation, the Board is not required to hold a hearing on his claim. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

In particular, Mr. Baney failed to provide a copy of his OSC complaint, despite the administrative judge's explicit requirement that he do so. His failure to respond to the administrative judge's inquiry as to the OSC proceedings made it impossible for the administrative judge to verify the Board's jurisdiction, which attaches only after an IRA claimant has exhausted his administrative remedies. *See Yunus*, 242 F.3d at 1371. He has also failed to identify the actions allegedly taken against him or the protected disclosures he claims to have made that led to those actions. In light of Mr. Baney's complete failure to comply with the administrative judge's orders directed at determining whether the Board had jurisdiction over his appeal, we hold that the Board properly dismissed his IRA claim for lack of jurisdiction.

**AFFIRMED**