**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STANLEY CRAIG BRASCH,
                Appellant,

        v.

DEPARTMENT OF
    TRANSPORTATION,
                Agency.

DOCKET NUMBERS
CH-4324-15-0020-I-1
CH-3443-14-0793-I-1

DATE: April 22, 2015

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

<u>Stanley Craig Brasch</u>, St. Louis, Missouri, pro se.

<u>Humberto Ruiz</u>, Esquire, and <u>Parisa Naraghi-Arani</u>, Esquire, Washington,
    D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of two initial decisions, both of which dismissed his separately filed Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) appeals for lack of jurisdiction. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions in each appeal. 5 C.F.R. § 1201.113(b).

¶2        As a preliminary matter, we note that joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2).  We find that the appellant's two appeals, referred to here as *Brasch I* (CH-3443-14-0793-I-1) and *Brasch II* (CH-4324-15-0020-I-1), meet the regulatory criteria, and we therefore join them.

¶3        In both appeals, the appellant, a computer specialist with the agency's Federal Aviation Administration (FAA), requested a hearing on his claims that the agency violated his rights under USERRA, causing him to suffer harassment, retaliation, and discrimination, and creating a hostile working environment. *Brash I*, Initial Appeal File (IAF-1), Tab 1; *Brash II*, Initial Appeal File (IAF-2), Tab 1.  The administrative judge issued orders explaining the appellant's burden to establish jurisdiction over his appeals and the parties responded.  IAF-1, Tabs 3-4, 7; IAF-2, Tabs 3-4, 7.  The agency also filed motions to stay discovery until

the administrative judge decided the issue of jurisdiction, and the administrative judge granted the agency's motion in each case. IAF-1, Tabs 3-4, 10; IAF-2, Tabs 3-4, 12. Without holding the requested hearings, but after considering the written record, the administrative judge dismissed both appeals for lack of jurisdiction. IAF-1, Tab 11, Initial Decision (ID-1); IAF-2 Tab 13, Initial Decision (ID-2).

¶4 In his timely filed and nearly identical petitions for review, the appellant complains that the administrative judge denied him discovery. *Brasch I*, Petition for Review (PFR) File, Tab 1 at 10.[2] He contends that, had the administrative judge allowed him to engage in discovery, he would have been able to establish jurisdiction over his appeals. *Id.* The agency responded in opposition to the appellant's petitions for review, and the appellant replied to the agency's responses. PFR File, Tabs 4-5.

¶5 Two types of cases arise under USERRA: (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) so-called "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. §§ 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005). The appellant's claims in these appeals arise under 38 U.S.C. § 4311(a). IAF-1, Tab 4 at 5; IAF-2, Tab 4 at 5.

¶6 To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform

---

[2] Because there is only a slight difference in the pagination and text of the appellant's two petitions for review, and the tabs in each file are the same, the similarities obviate the need for citations to both petition for review files.

duty in the uniformed service. *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 5 (2003). Once an appellant has established Board jurisdiction over his USERRA claim, via the requisite nonfrivolous allegations,[3] he has an unconditional right to a hearing on the merits of his claim. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008), *cited with approval in Baney v. Merit Systems Protection Board*, 415 F. App'x 244, 246 (Fed. Cir. 2011).

¶7          The Board employs a broad and liberal standard for construing USERRA claims, affording deference to veterans' allegations of discrimination which they allege that they have experienced due to their military service. *Id.* ¶ 15. However, our reviewing court, in a nonprecedential but nonetheless illustrative opinion, has observed that, under the Board's deferential standard, the right to a hearing does not attach "simply because a claimant files a claim with the Board that he denominates as a USERRA claim[,]" as the appellant has done in the instant appeals but instead "only attaches after a USERRA claimant makes a nonfrivolous allegation of Board jurisdiction." *Baney*, 415 F. App'x at 246 (citing *Downs*, 110 M.S.P.R. 139, ¶ 18). As the following discussion indicates, the appellant has failed to nonfrivolously allege that the agency's actions he complained of in his appeals occurred due to his performance of duty or obligation to perform duty in the uniformed service.

¶8          In response to the jurisdictional order in *Brash I*, the appellant provided a copy of his DD-214 Certificate of Release or Discharge from Active Duty reflecting his military service. IAF-1, Tab 4 at 10. The appellant asserted that

---

[3] A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). To meet the nonfrivolous standard, an appellant need only plead allegations of fact which, if proven, could show jurisdiction, though mere pro forma allegations are insufficient to satisfy the nonfrivolous standard. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 n.2 (2013).

the agency discriminated against him when it refused him entry to his former workplace and then insisted on escorting him during a visit to his last assigned FAA office when he went there to collect personal and work items. *Id.* at 6-7. The appellant also argues that an agency official dictated exactly what office supplies he could take from his last assigned FAA office to his current FAA office. *Id.* at 7. The agency explained that the appellant's last assigned FAA office was located in a secure facility and that, due to a 3-year detail assignment to the Department of Defense and his full-time telecommuting since returning to the agency at the end of that detail, the appellant had not worked in that particular facility for over 4 years. IAF-1, Tab 7 at 4-5. Because the agency therefore considered him a visitor in a secure facility, he was initially denied access and then required to be escorted while on the premises. *Id.* at 5. In a sworn declaration, the agency official who escorted the appellant averred that his duties required him to escort the appellant during his visits and that he only allowed the appellant to collect his personal belongings and not to take agency supplies or equipment. *Id.* at 10-11.

¶9 In *Brash I*, the administrative judge found that "[t]he deprivation asserted by the appellant is not a denial of a benefit of employment, no matter how broadly and liberally the term is construed." ID-1 at 4. Moreover, the administrative judge noted that the appellant failed to even allege that "the agency's decision not to give him free rein in a secure facility or the particular office supplies he wanted is due to his military service." ID-1 at 5. We agree with the administrative judge that the appellant therefore failed to make a nonfrivolous allegation sufficient to establish Board jurisdiction in *Brash I*.

¶10 In his response to the jurisdictional order in *Brash II*, the appellant also provided a copy of his DD-214. IAF-2, Tab 4 at 10. In this appeal, he asserted that the agency discriminated against him when the FAA Administrator held a town hall event on a Jewish holiday and failed to reschedule it after the appellant repeatedly requested him to do so. *Id.* at 6-7. The appellant claims that the

Administrator's decision not to respond to his complaints or change the meeting date is harassment, retaliation, and discrimination, and evidences a hostile work environment. *Id.* at 7.

¶11        In *Brash II*, the administrative judge found that the appellant offered nothing but his unsupported claims that the agency's decision to hold the town hall event on a Jewish holiday was due to his military service or that the agency did so in retaliation for his numerous USERRA complaints. ID-2 at 3. He observed that other Jewish employees were similarly affected by the agency's decision regardless of whether they served or were obligated to perform duty in the uniformed service. *Id.* We agree with the administrative judge's determination that neither the appellant's military service nor his USERRA appeals appear to have factored into the agency's decisions regarding the town hall event. *Id.* Moreover, as noted above, we agree with the administrative judge's observation in both appeals that the appellant's mere citation to USERRA, without more, is insufficient to entitle him to a hearing on his claim. ID-1 at 5-6; ID-2 at 3-4; *see Baney*, 415 F. App'x at 246 (citing *Downs*, 110 M.S.P.R. 139, ¶ 18).

¶12        Regarding discovery, the record reflects that the agency moved in both cases to stay discovery pending the administrative judge's ruling on jurisdiction. IAF-1, Tab 6; IAF-2, Tab 5. The administrative judge granted the agency's motions. IAF-1, Tab 10; IAF-2, Tab 12. As noted above, the appellant challenges this on review and argues that, had he been allowed to engage in discovery, the documents would have allowed him to establish jurisdiction over his appeals. PFR File, Tab 1 at 10.

¶13        An appellant is entitled to request the discovery of relevant materials to assist him in meeting the burden of establishing jurisdiction. *Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999); *Rison v. Department of Defense*, 73 M.S.P.R. 390, 394 (1997). Relevant information includes information that appears reasonably calculated to lead to the discovery of

admissible evidence. *Mc Grath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 7 (1999). Administrative judges have broad discretion in ruling on discovery matters and, absent a showing of an abuse of discretion, neither the Board nor its reviewing court will find reversible error in such rulings. *E.g., Spezzaferro v. Federal Aviation Administration*, 807 F.2d 169, 173 (Fed. Cir. 1986). Importantly, even though the appellant maintains that discovery would have enabled him to establish jurisdiction over his appeals, PFR File, Tab 1 at 10, in both of his appeals below and in his petitions for review, he failed to identify any specific item he sought in discovery that even appears reasonably calculated to lead to the discovery of admissible evidence that would assist him in establishing jurisdiction. Thus, the appellant failed to show that the administrative judge abused his discretion in granting the agency's motion for a stay of discovery.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.