# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STANLEY C. BRASCH,

       Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,

       Agency.

DOCKET NUMBER
CH-4324-15-0390-I-1

DATE: February 26, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stanley C. Brasch</u>, St. Louis, Missouri, pro se.

<u>Humberto Ruiz</u>, Esquire, and <u>Parisa Naraghi-Arani</u>, Esquire,
   Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed this Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Two types of cases arise under USERRA: (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005). The appellant's claims in this appeal are of the second type; namely, that the agency denied him certain benefits of employment due to his military service and retaliated against him for exercising his rights under USERRA. Initial Appeal File (IAF), Tab 4 at 5.

¶3 Under the relevant portions of the law:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b).

¶4      To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that:  (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.  *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 5 (2003), *overruled on other grounds by Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 8 n.1 (2005).  The USERRA standard for the appellant's retaliation claims is set forth at 38 U.S.C. § 4311(b), which provides in relevant part that an employer "may not discriminate in employment against or take any adverse employment action against any person" because he "(1) has taken an action to enforce a protection afforded any person under this chapter . . . or (4) has exercised a right provided for in this chapter."  *Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 10 (2006).  In either instance, it is key for the appellant to nonfrivolously allege some connection between the agency's actions and his protected military status.  Once an appellant has established Board jurisdiction over his USERRA claim, via the requisite nonfrivolous allegations,[2] he has an unconditional right to a hearing

---

[2] A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).  To meet the nonfrivolous standard, an appellant need only plead allegations of fact which, if proven, could show jurisdiction, though mere pro forma allegations are insufficient to

on the merits of his claim. *Downs v. Department of Veterans Affairs*, [110 M.S.P.R. 139](#), ¶¶ 17-18 (2008), *cited with approval in Baney v. Merit Systems Protection Board*, 415 F. App'x 244, 246 (Fed. Cir. 2011).

¶5 The administrative judge issued acknowledgment and jurisdictional orders giving the appellant comprehensive notice of the elements and burdens of establishing jurisdiction over his USERRA appeal. IAF, Tabs 2-3. After considering the parties' responses, IAF, Tabs 4, 7, she dismissed the appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation that his military status was at least a motivating factor in the agency's actions, instead offering "his own unsupported claims that the agency actions of which he complains must have been due to his military service or in retaliation for his many USERRA complaints," IAF, Tab 9, Initial Decision (ID) at 3.

¶6 In his timely filed petition for review, the appellant makes the same arguments that he made below, citing all his previous USERRA appeals and reviewing all the actions which he claims the agency took against him. Petition for Review (PFR) File, Tab 1; IAF, Tab 4. He argues that the agency has taken adverse actions in reprisal for his past USERRA complaints and he characterizes the agency's actions as benefits of employment, which it provides to nonmilitary employees but denies to employees like him who have served in the military. PFR File, Tab 1 at 8-9. The agency responds in opposition. PFR File, Tab 4.

¶7 We agree with the administrative judge that the appellant has simply failed to provide any link whatsoever between the agency actions he cites and his military service or his filing of USERRA appeals. ID at 3-4. Thus, he has failed to allege facts, which, if proven, could establish that his military status or his USERRA activity was at least a motivating factor in the cited agency actions. *See Tindall v. Department of the Army*, [84 M.S.P.R. 230](#), ¶ 8 (1999). Under such circumstances the appellant's mere citation of USERRA, without more, is

satisfy the nonfrivolous standard. *Walker v. Department of the Army*, [119 M.S.P.R. 391](#), ¶ 6 n.2 (2013).

insufficient to garner him a hearing on his USERRA claims, and we therefore find that the administrative judge properly dismissed the appeal for lack of jurisdiction without holding a hearing. ID at 5; *see Baney*, 415 F. App'x at 246 (citing *Downs*, 110 M.S.P.R. 139, ¶ 18).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.