# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENJAMIN MCKENZIE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-4324-15-0451-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DATE: March 25, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Benjamin McKenzie, Washington, D.C., pro se.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency removed the appellant from his IT Specialist position, S-2210‑13, in July 2013, based on charges of failure to properly complete required employment records, failure to follow direct orders, inappropriate communication, failure to cooperate in an official investigation, absence without leave, and providing false information to a supervisor. Initial Appeal File (IAF), Tab 2. The appellant filed an appeal in September 2014, in which he challenged the removal and raised claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and Veterans Employment Opportunities Act of 1998 (VEOA). The administrative judge dismissed the adverse action and VEOA appeals for untimeliness and lack of jurisdiction, respectively. *Id*. However, the administrative judge docketed this separate appeal to address the appellant's USERRA claim. After notifying the appellant of the jurisdictional requirements for a USERRA appeal and receiving no response, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's bare allegation that the removal was a "violation of rights under USERRA" was insufficient to establish jurisdiction. IAF, Tab 4, Tab 5, Initial Decision (ID).

¶3      After receiving three extensions of time from the Clerk of the Board, the appellant filed a petition for review in which he argued that he was improperly denied a hearing.[2]  Petition for Review (PFR) File, Tabs 1-8.  The appellant also asserts that some of the agency's accusations against him are "irrelevant, petty, and misplaced," and he claims that he was under the impression that he would receive a hearing in which he could state the facts of his case and provide evidence to show that his military service was a substantial or motivating factor on the agency's actions.  PFR File, Tab 8.  In addition, the appellant contends that the administrative judge erred in applying *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 7 (2010), because he is "attempting to do more than just 'state USERRA.'"  *Id.*

¶4      To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that:  (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.  *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013).  A discrimination claim under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se.  *Id.*  Once an appellant has established Board jurisdiction over his USERRA claim, via the requisite nonfrivolous allegations, he has an unconditional right to a hearing on

---

[2] The appellant also filed a motion for an extension of time to file a supplement to his petition for review.  Petition for Review (PFR) File, Tab 9.  The Clerk of the Board granted this extension, as well as two additional extensions of time, to allow the appellant more time to supplement his petition for review.  PFR File, Tabs 10, 12, 15.  The third extension notified the appellant that any supplement had to be filed on or before November 2, 2015, and that no further filing extensions would be granted.  PFR File, Tab 15.  On November 2, 2015, the Clerk of the Board denied the appellant's fourth request for an extension of time and he did not file a supplement to his petition for review.  PFR File, Tabs 16-17.

the merits of his claim. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17‒18 (2008), *cited with approval in Baney v. Merit Systems Protection Board*, 415 F. App'x 244, 246 (Fed. Cir. 2011).

¶5    Here, even though the appellant was provided an opportunity both below and on review to submit additional evidence and argument to show that the agency's decision was based on his status as a veteran or the mere fact of his prior uniformed service, he has not described the protected right or benefit that he was allegedly denied because of his military status. IAF, Tab 1; PFR File, Tab 8. Rather, and as the administrative judge correctly found, the appellant's only claim is that the agency's action is a "violation of rights under USERRA." Our reviewing court, in a nonprecedential but nonetheless illustrative opinion, has observed that, under the Board's deferential standard, the right to a hearing does not attach "simply because a claimant files a claim with the Board that he denominates as a USERRA claim[,]" as the appellant has done in the instant appeal, but instead "only attaches after a USERRA claimant makes a nonfrivolous allegation of Board jurisdiction." *Baney*, 415 F. App'x at 246 (citing *Downs*, 110 M.S.P.R. 139, ¶ 18). Thus, while it is undisputed that the appellant has former military service, his mere citation to USERRA and his claim that he is "attempting to do more than just 'state USERRA,'" without more, is insufficient to entitle him to a hearing on his claim. IAF, Tab 1; ID at 3-4; *see Baney*, 415 F. App'x at 246 (citing *Downs*, 110 M.S.P.R. 139, ¶ 18).

¶6    Accordingly, because the appellant has failed to provide any additional evidence or argument on review regarding his USERRA claim, we find that the administrative judge correctly determined that the appellant failed to present nonfrivolous allegations of fact sufficient to establish the Board's jurisdiction over this appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.